IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-20042-01-DDC |
| TRAVIS BRONSON (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Travis Bronson filed a pro se[1] "Motion to Modify or Terminate Supervise[d] Release Conditions as Unconstitutional as Applied" under 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(c). Doc. 51. Mr. Bronson asserts that his sentence violates the Fifth Amendment's double jeopardy clause. *Id.* at 2. The court dismisses Mr. Bronson's motion because it is procedurally barred. Section 3583(e) of Title 18 of the United States Code is not the proper vehicle to challenge his conviction. And even if Mr. Bronson had invoked the proper vehicle for challenging his conviction, the court must dismiss his motion because it is time barred. The court will explain its reasoning, below.

**I.     Background**

On June 1, 2021, Mr. Bronson pleaded guilty to one count of possessing child pornography violating 18 U.S.C. § 2252(a)(4)(B). Doc. 30 at 1 (Plea Agreement); *see also* Doc. 36 at 3 (Am. Presentence Investigation Report ("PSR") ¶ 3). The court sentenced Mr. Bronson to 60 months' imprisonment and five years of supervised release. Doc. 40. Mr. Bronson is

---

[1]     People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

currently serving his prison term, with a projected good-time release date of March 2, 2026. *See* Travis Bronson (Reg. No. 30115-031) (last visited Apr. 25, 2023), https://www.bop.gov/inmateloc/.

## II.     Section 3583 Standard

Section 3583 of Title 18 of the United States Code gives the court discretion to add conditions of supervised release "as a part of [the] sentence" given to a defendant.  18 U.S.C. § 3583(a).  The court may "'modify, reduce, or enlarge the conditions of supervised release, at any time'" before the term of supervision expires.  *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(2)).  The court has discretion to make these changes to the terms of supervised release "after considering the factors set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[.]"  18 U.S.C. § 3583(e).  Multiple Circuits have concluded that the factors listed in the statute are the only factors a defendant can invoke to challenge his sentence.  *See, e.g.*, *United States v. McLeod*, 972 F.3d 637, 641–42 (4th Cir. 2020); *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  These Circuits have held that "illegality does not provide a proper ground for a § 3583(e)(2) motion."  *McLeod*, 972 F.3d at 642.  Like others, our Circuit has determined that the district court may not "modify conditions of supervised release based on an argument that a particular condition is unlawful[.]"  *Begay*, 631 F.3d at 1172–73.

"The typical way to challenge an improper condition of supervised release is by an appeal."  *United States v. Nielsen*, No. 21-8087, 2022 WL 3226309, at *5 (10th Cir. Aug. 10, 2022) (citations omitted).  But Congress has provided at least two other avenues for challenging

a sentence under the Sentencing Reform Act of 1984. *Gross*, 307 F.3d at 1044. In addition to a direct appeal, this Act allows a defendant to challenge the constitutionality of his sentence either on a Section 2255 habeas corpus motion filed within a year of conviction,[2] or a Fed. R. Crim. P. 35(a) motion within 14 days of the district court's decision. *Id.* "It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition." *Gross*, 307 F.3d at 1044.

### III. Analysis

Mr. Bronson has now petitioned this court to vacate his supervised release under 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(c). He asserts that his five-year post-release supervision violates his Fifth Amendment right against double jeopardy. He claims his post-release sentence exposes him "to an unlimited number of prosecutions, penalties, or punishments originating from the original offense." Doc. 51 at 2. But Mr. Bronson improperly brings this challenge using the wrong vehicle.

The proper method for Mr. Bronson to challenge his sentence would have occurred at the sentencing hearing, on his direct appeal, or in a 28 U.S.C. § 2255 motion. *See Nielsen*, 2022 WL 3226309, at *5; *United States v. Engelmeyer*, Nos. CR-14-116-F, CIV-22-955-F, 2022 WL 17184579, at *1 (W.D. Okla. Nov. 23, 2022). Thus, Mr. Bronson's claim—as presented here—is procedurally barred. And so, the court dismisses his motion. But even if Mr. Bronson had invoked the correct procedure, the court would dismiss Mr. Bronson's challenge because it is time barred. The court explains how it reaches these conclusions, below.

---

[2] Section 2255(f) lists three circumstances that permit tolling the one-year statute of limitations period. However, none of them apply to the facts here.

### A. Mr. Bronson's claim is procedurally barred because he can't assert the claim under § 3583.

Mr. Bronson's claim rests on an unconstitutional challenge to his term of supervised release.  Doc. 51 at 2.  Mr. Bronson argues his motion is an "as applied challenge."  Doc. 54 at 2.  He claims his complaint allows him to "challenge . . . the specific application of each and every condition imposed[.]"  *Id.*  Mr. Bronson cites two cases that allowed a defendant to challenge the supervised release term, as applied.  *Id.*  Neither case applies here because both defendants challenged their supervised release sentences "as applied" after the courts had revoked their term of supervision.  *See United States v. Brigham*, 569 F.3d 220, 232 (5th Cir. 2009) ("[T]he Court considers [defendant's arguments] only on an 'as applied' basis and only as they pertain to the Court's review of his *revocation proceeding*."); *United States v. Locke*, 482 F.3d 764, 766 (5th Cir. 2007) (construing defendant's arguments "as challenges to the constitutionality of certain conditions of his probation as applied to him *in the revocation*" (emphasis added)).  Mr. Bronson has not had his supervised release term revoked.  In fact, Mr. Bronson's term of supervised release hasn't even started yet because he still is serving his custody term in prison.  Thus, this line of reasoning doesn't apply.

Because Mr. Bronson's motion does not attack the imposition of the sentence "as applied," the court concludes that his argument challenges the validity of his sentence as a collateral attack on that sentence.  As a consequence, the court must construe Mr. Bronson's challenge as a collateral attack on the sentence because he does not identify the specific terms that he wishes to change, other than the supervised release itself.  *See generally* Doc. 51 (referring to the "supervised release" itself as unconstitutional); Doc. 54 at 8–9 ("[Mr.] Bronson is challenging each condition individually [as applied] without naming each condition as each and every condition as they are applied invokes the Double Jeopardy Clause[.]").  A recent

4

district court case in our Circuit dismissed a similar § 3583(e) motion attacking the constitutional validity of defendant's supervised release term because it attacked "the validity of his sentence[.]" *See Engelmeyer*, 2022 WL 17184579, at *1.  Like Mr. Bronson's case, the *Engelmeyer* defendant challenged his supervised release term under the Double Jeopardy Clause of the Fifth Amendment. *Id.*  The court rejected the defendant's contention that § 3583(e) controlled the case, and it held, instead, that the defendant should have brought the motion under 28 U.S.C. § 2255. *Id.*  This court finds the same reasoning applies here.

Section 2255 allows a defendant to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Congress explicitly named § 2255 as the proper vehicle for a collateral attack on a defendant's sentence under the Sentencing Reform Act.  *See Gross*, 307 F.3d at 1044.  The plain words of the statute give prisoners the right to challenge the validity of their sentence on constitutional grounds.  *See* 28 U.S.C. § 2255(a).  Like other Circuits have concluded, this court concludes that Congress created § 3583(e) to address a different purpose.  *See Faber*, 950 F.3d at 358; *Gross*, 307 F.3d at 1044; *Lussier*, 104 F.3d at 36–37.  Because Mr. Bronson has not invoked the proper vehicle to challenge the validity of his sentence, the court must dismiss his motion as procedurally barred.

**B. Even if Mr. Bronson had asserted his claim properly under 28 U.S.C. § 2255, his claim still fails because it is time barred.**

A district court may not recharacterize a *pro se* defendant's motion as a Section 2255 motion unless the district court "warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro v. United States*, 540 U.S. 375, 382 (2003).  But the Tenth Circuit has ruled that courts need not give notice of recharacterization if the deadline for filing the § 2255 motion is long past.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th

5

Cir. 2004). As explained in the next paragraph, the time for Mr. Bronson to file a § 2255 motion is long past, so recharacterizing his motion doesn't change the outcome. !!

Section 2255 imposes a one-year statute of limitations on any appeals brought for unconstitutional conditions of release. 28 U.S.C. § 2255(f). Even if Mr. Bronson had invoked his provision to challenge his sentence, the one-year limitation period would bar his § 2255 motion. Mr. Bronson did not filed a direct appeal, so the statute of limitations on a § 2255 motion started to run on October 11, 2021, which was 14 days after entry of judgment. *See United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) ("[W]hen a prisoner *does not* file a direct criminal appeal, his or her 'criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.'" (citing *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006))); *see also* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Mr. Bronson filed his current motion on December 7, 2022, more than one year after this limitation period had expired. Also, Mr. Bronson does not identify any impediments that prevented him from asserting a timely § 2255 challenge or any other exceptions that might make a § 2255 motion timely. Thus, the court dismisses Mr. Bronson's claim as time barred.

## IV. Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies

this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted). The court declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of Mr. Bronson's claim debatable or wrong. The court thus declines a certificate of appealability.

## V.     Conclusion

The court must dismiss Mr. Bronson's motion for two reasons. First, Mr. Bronson did not bring his challenge under the proper vehicle. He cannot invoke § 3583(e) to challenge the constitutionality of his sentence. Second, had Mr. Bronson brought his challenge under § 2255, his challenge is time barred because the one-year statute of limitations has expired.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion to Modify or Terminate Supervise[d] Release Conditions as Unconstitutional as Applied" under 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(c) (Doc. 51) is dismissed as procedurally barred. And to the extent one construes defendant's motion as a Motion to Vacate Under 28 U.S.C. § 2255, defendant's motion is time barred and dismissed for that alternative reason. The court declines to issue a certificate of appealability for the dismissal of the § 2255 motion.

**IT IS SO ORDERED**.

**Dated this 1st day of May, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge