IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                **Plaintiff,**

v.

                                                      **Case No. 20-20042-01-DDC**

TRAVIS BRONSON (01),

                **Defendant.**

_____

**MEMORANDUM AND ORDER**

Defendant Travis Bronson, proceeding pro se,[1] has moved the court to reduce or stay restitution payments in light of his family's monthly contributions to his inmate trust fund.  Doc. 56.  These family contributions have increased his monthly restitution payment.  *Id*.  The court set Mr. Bronson's restitution at $18,000, due immediately.  Doc. 40 at 8; Doc. 50 at 28.  The court allowed Mr. Bronson to satisfy his restitution obligation, however, with payments "not less than 10 percent of the funds deposited each month into the inmate's trust fund account."  Doc. 40 at 8.  In support of the motion, Mr. Bronson asserts that he is indigent, and that his family's financial assistance may not continue.  Doc. 56.  His current restitution payment totals $200 per month.  *Id*.  Mr. Bronson asks the court to stay his restitution payments or, in the alternative, to order that he pay $25 per quarter.  *Id*.  Mr. Bronson's deadline to reply has passed.  For the reasons explained below, the court denies the motion.

The court construes Mr. Bronson's filing as a motion under 18 U.S.C. § 3664.  According to 18 U.S.C. § 3664(k), a "material change in the defendant's economic circumstances" justifies an adjustment to the payment schedule if that change "might affect the defendant's ability to pay

_____

[1]      Because Mr. Bronson proceeds pro se, the court construes his filings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not "assume the role of advocate for [a] pro se litigant." *Id*.

restitution." Under 18 U.S.C. § 3664(n), if "a person obligated to provide restitution, or pay a fine, receives substantial resources from *any* source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." (emphasis added). The Tenth Circuit, in *United States v. Elwood*, suggested that a district court could exercise its discretion to accelerate restitution payments based on a defendant's improved finances, even requiring "satisfaction in full without provision for a payment schedule." 757 F. App'x 731, 736 (10th Cir. 2018).

Here, contributions to Mr. Bronson's inmate trust fund account have improved his ability to pay. Even if this qualifies as a "material change," it doesn't warrant a decrease or stay in restitution payments. These contributions are resources that Mr. Bronson should apply to any restitution still owed. Indeed, given such an improvement in finances, a district court could accelerate, rather than decrease or stay, the restitution payments, though the court elects not to do so here.

Even if Mr. Bronson's family contributes only temporarily, the restitution payments should not decrease. The 10% per month payment structure will account for any future changes in his family's generosity. In the meantime, his access to new resources improves, rather than inhibits, his ability to pay. Also, during the sentencing hearing the court ordered restitution "due immediately," but gave him an opportunity to satisfy that restitution with a 10% per month payment plan. Doc. 50 at 28. This means Mr. Bronson has "an immediate obligation to satisfy the award [.]" *Elwood*, 757 F. App'x at 736. Given the full $18,000 in restitution was "due immediately," Mr. Bronson argues unconvincingly that the $200 per month payment is inappropriately high.

Finally, the court may not decline to issue mandatory restitution required in a child pornography case due to "the economic circumstances of the defendant" under 18 U.S.C. § 2259(b)(4)(B)(i).  This restriction suggests that compensating for the victim's harm in a child pornography case supersedes any concern about a defendant's economic condition.

Finding no basis to reduce or stay defendant's restitution obligation, the court denies his motion (Doc. 56).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Travis Bronson's Motion to Stay Restitution Payments (Doc. 56) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of September, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**